[No. 37185.    Department One.    August 5, 1965.]

THE STATE OF WASHINGTON, *Appellant*, v. SUNSET QUARRIES, INC., *et al.*, *Respondents.**

*Charles O. Carroll* and *August F. Hahn*, for appellant.

*Dean H. Eastman* and *Harold G. Boggs*, for respondents.

*Reported in 404 P.2d 786.

HALE, J.—The state brings this appeal from a judgment of dismissal entered on a challenge to the sufficiency of the evidence at the close of plaintiff's case in chief in the trial of a criminal complaint to the court without a jury. The complaint charged defendants with violation of King County resolution No. 18844, a zoning ordinance, as follows:

The said SUNSET QUARRIES, INCORPORATED, during a period of time intervening between the 15th day of August, 1962, through the 21st day of March, 1963, then and there being a corporation organized under the laws of the State of Washington, in the County of King, State of Washington, did willfully and unlawfully maintain, use and operate a rock quarry, known as Sunset Quarry . . . .

The ordinance in question in its original typewritten form is 73 pages of legal size paper in length, with most of the sections in single-spaced typewriting. Plaintiff offered, and the court admitted exhibit 10, consisting of nine interspersed pages designated by plaintiff as constituting the sections of the ordinance which, when considered in pari materia, denounce the operation of a rock quarry as a misdemeanor.

After the state had rested its case in chief, the court expressed doubt that the sections of the ordinance in evidence were legally sufficient to make rock quarrying a misdemeanor. At this point the state offered to have the entire zoning regulation certified and brought into court. Commenting that the state had rested its case, the court refused this offer. According the plaintiff the widest possible benefit of this colloquy by treating it as a request to reopen the state's case, we note that it has assigned no error to the court's refusal to admit the whole ordinance in evidence, and, therefore, the point warrants no further attention.

Several times during the trial in ruling upon the admissibility of evidence, the court commented that this was not a civil trial to obtain an injunction against quarrying as a nuisance, but a criminal trial, and implied thereby that the standards of proof must be those necessary to prove guilt beyond a reasonable doubt. When the state had completed its case in chief, on considering a motion to dismiss based on

defendants' challenge to the sufficiency of the evidence, the following colloquy took place:

THE COURT: Mr. Guterson, there is nothing in the record as of this moment that sustains the burden of proof beyond a reasonable doubt or at all that they can't operate a quarry there, assuming that they both were operating or aiding and abetting.

MR. GUTERSON: If the Court intends to dismiss at this time there is a substantial possibility that we would appeal immediately. It is my understanding that you are going to grant the motion on the grounds that the State has not introduced a certified copy—

THE COURT: The Court is going to dismiss the action for the reason that you have not convinced the Court beyond a reasonable doubt that either one of these corporations has committed a crime. That is my ruling, and the action is dismissed.

MR. GUTERSON: Your Honor, before you go forward on this, I would like to understand why the Court is dismissing.

THE COURT: I told you why. I heard the case and the Court has a reasonable doubt at this time that either of these two corporations committed a crime.

■ It will be thus observed from the foregoing that the court, sitting as a trier of the facts in a criminal case, found that the state had failed to satisfy the court beyond a reasonable doubt that the defendants were guilty of the offense charged. Having heard the evidence submitted by the prosecution and retaining a reasonable doubt as to the defendants' guilt, the court had no alternative but to dismiss the complaint. No appealable questions remain for us to decide on review.

No person shall be compelled in any criminal case to give evidence against himself, *or be twice put in jeopardy for the same offense.* Const. art. 1, § 9. (Italics ours.)

The judgment of dismissal is affirmed.

ROSELLINI, C. J., HILL and HUNTER, JJ., and STAFFORD, J. Pro Tem., concur.